**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CLARENCE EARL PHELPS, III**                                                                       **PLAINTIFF**

**V.**                                                     **CASE NO. 4:03CV448**

**MISSISSIPPI TELECASTING CO.,
INC., d/b/a WABG-TV**                                              **DEFENDANT**

**MEMORANDUM OPINION**

This cause comes before the Court on the defendant's motion for summary judgment [36-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Clarence Earl Phelps, III, who is currently a Mississippi resident. The defendant is Mississippi Telecasting Co., Inc. ("MTC"), a North Carolina corporation which owned and operated WABG, a television station in Greenville, Mississippi. Phelps worked as a newscaster for WABG until August 7, 2002, when he was replaced by a white newscaster. Previously, Phelps had co-anchored the 6 p.m. and 10 p.m. news casts with a white, female co-anchor named Jamie Ferguson-Jacks. Ferguson-Jacks left WABG in 2002 and was replaced by a black female, and Phelps claims that WABG terminated his contract primarily out of fear that having two black anchors would be detrimental to the station's ratings. Phelps relies in part on a conversation between Mike Elrod, WABG's general manager, and Ferguson-Jacks, in which Elrod asked the question: "What do you think, Jamie, about having two black anchors?" The parties disagree over the significance of this statement (and indeed over whether it was made as quoted above), but Phelps interprets this question to indicate concern over having two black co-anchors. Phelps also claims that his white replacement, Dan Kerness, was significantly less qualified than himself. The

defendant argues that it fired Phelps because of deficiencies in his news-reading ability.

In 2003, Phelps filed this complaint against WABG alleging violation of his rights under Title VII and 42 U.S.C. § 1981 and seeking both actual and punitive damages. The defendants now seek summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

Claims of employment discrimination, regardless of whether they are brought under the rubric of Title VII or 42 U.S.C. § 1981, are analyzed under the same test. McDonald v. Entergy Operations, Inc., 75 Fed.Appx. 279, 280 (5th Cir. 2003). The plaintiff must first prove a prima facie case with the following elements: (1) he was within a protected class; (2) he was qualified for the position sought; (3) he suffered an adverse employment decision; and (4) the position was filled by someone outside the protected class. Manning v. Chevron Chemical Co., LLC, 332 F.3d 874, 881 (5th Cir. 2003). If the plaintiff can satisfy the requirements of the prima facie case, then the burden shifts to the defendant to show that the employment decision was actually based on a legitimate, non-

discriminatory reason.  <u>Manning</u>, 332 F.3d at 881.  If the employer successfully does so, then the burden shifts back to the plaintiff who must show by preponderance of the evidence that the proffered reason is actual a pretext for discrimination.  <u>Id.</u>

WABG concedes that Phelps satisfies the elements of the prima facie case, at least for the purposes of this summary judgment motion.  Instead, the station argues that Phelps cannot rebut its proffered legitimate, nondiscriminatory reason for terminating Phelps, i.e. that he was terminated because of deficiencies in his delivery during newscasts such as stumbling over words and improper grammar.  The station also claims to have received negative comments from viewers and advertisers, although no such complaints are a part of the record.

The Court finds that there are disputed issues of fact in this case which preclude summary judgment as to whether WABG has proffered a legitimate nondiscriminatory reason for declining to renew Phelps' contract and as to whether Phelps can demonstrate that the proffered reason was a pretext for discrimination.  These issues include but are not limited to: (1) the nature and context of the statements allegedly by Mike Elrod as to the desirability of having the two black anchors work together and (2) the nature and context of any negative criticisms or complaints regarding Phelps' work product at WABG.   Accordingly, summary judgment is DENIED.

This is the 5th day of May, 2005.

                                      **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**